ADRIAN W. ARMOR et al., Appellants, v. JOSEPH JESTER.

Division Two, December 9, 1913.

This case is decided in accordance with the opinion in Armor v. Frey, *ante,* p. 447, the facts being the same as those in that case.

Appeal from Barton Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED (*with directions*).

*James B. Park, H. G. Geyer, O. L. Cravens* and *H. W. Timmonds* for appellants.

*George Hubbert* and *Edwin L. Moore* for respondent.

ROY, C.—The record in these cases is complicated. So far as we have been able to discover, the facts in this case are in all respects, material to the controversy the same as in Armor v. Frey, *ante,* p. 447, and the judgment herein is reversed and remanded with directions to enter a judgment and decree on the first count of the petition, finding and judging that the defendant is the owner in fee of forty-one sixtieths of the land, and that he is also the owner of the respective life estates of Mrs. Armor and Mrs. Adams each in a twelfth of the land, and that he is also entitled to an allowance for such sum as may be equal to the increase in the value of the land by reason of improvements placed thereon in good faith, said allowance to be borne pro rata by the several interests in said land, and that the issue of Mrs. Harwell, to-wit, Adrian A. Harwell, Annie H. Childs, Robert A. Harwell, Sarah R. Singleton, children of Mrs. Harwell, and Armor M. Harwell, Kate I. Harwell, Annie F. Harwell and Howard H. Harwell, grandchildren of Mrs. Harwell by Ransom H. Harwell, her deceased son, subject to the interests of their mother, Minnie Harwell, are the owners in fee, *per stirpes*, of an undivided sixtieth of the land.

Also that Eliza C. Moore, widow of John W. Moore, and Lillias E. Wright, Park G. Moore and Girard A. Moore, children of said John W. Moore, are the owners of an undivided five-sixtieths of the land in fee, and that the children of Adrian W. Armor, to-

wit, William G. Armor, James E. Armor, Walter F. Armor, Cora L. Turnell, and the following grandchildren of Mrs. Adrian W. Armor, to-wit, Charles R. Armor, James E. Armor, Effie M. Armor and Robert G. Armor, children of Charles H. Armor, *per stirpes*, are the owners of a contingent remainder in an undivided twelfth of the land to vest in possession on the death of said Adrian W. Armor, and that the children of Ann F. Adams, to-wit, William E. Adams, Ida M. Rosser, Alice Waterson, May Adams, Bessie Adams and Calhoun R. Adams, and the grandchild of Ann F. Adams, to-wit, Fannie E. Adams, child of Robert F. Adams, deceased, *per stirpes*, are the owners of a contingent remainder in an undivided twelfth of said land, to vest in possession on the death of said Ann F. Adams.

And that Adrian W. Armor, Ann F. Adams and Holcomb G. Moore are each the owner of and entitled to the possession of an undivided sixtieth of the land.

All the interests above stated are subject to their *pro rata* burden of paying for the improvements as above stated.

The circuit court will enter a judgment on the second count of the petition in favor of the defendants. On the third count, the circuit court will enter a judgment for the recovery of possession in favor of the above named issue of Mrs. Harwell for an undivided sixtieth of the land, and in favor of the above named children of John W. Moore for the undivided three-fourths of a twelfth of the land, and in favor of Adrian W. Armor, Ann F. Adams and Holcomb G. Moore each for an undivided sixtieth of the land. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.